IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIC PUGH, #182373 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) CASE NO.: 2:06-CV-363-MEF [WO] |
| | ) |
| ALABAMA CORRECTIONAL | ) |
| INDUSTRIES COMMISSIONER | ) |
| BUTCH CALLOWAY, et al. | ) |
| | ) |
| Defendants. | ) |

## SPECIAL REPORT

COME NOW the Defendants **Butch Calloway, Freddie Nunn and Danny Donovan,** by and through Troy King, Attorney General for the State of Alabama, via undersigned counsel, and in accordance with this Honorable Court's Order of April 27, 2006, do hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, Cedric Pugh ("Mr. Pugh"), is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated in the Elmore Correctional Facility in Elmore, Alabama.

2. Plaintiff has named the following defendants:

    a. Cecil Calloway, Jr., ("Mr. Calloway") who is employed by the ADOC Institutional Services Division, as a Food Processing Superintendent.

    b. Freddie Nunn ("Mr. Nunn"), who is employed by the ADOC Institutional Services Division, as a Meat Processing Supervisor.

c. David "Danny" Donovan ("Mr. Donovan"), who is employed by the ADOC Institutional Services Division, as a Meat Processing Supervisor.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Plaintiff alleges that Defendants failed to train the Plaintiff to properly operate a meat grinder. Mr. Pugh also alleges claims of medical malpractice and product liability. Plaintiff seeks $200,000.00 dollars in compensatory and punitive damages.

## DEFENDANTS' EXHIBITS

1. Exhibit A - Affidavit of Andrew S. Farquar, Director of Alabama Correctional Industries.
2. Exhibit B – Affidavit of Mr. Calloway.
3. Exhibit C – Affidavit of Mr. Nunn.
4. Exhibit D – Affidavit of Mr. Donovan.

## DEFENDANTS' RESPONSE

1. Mr. Pugh's claims that Defendants failed to train him to properly operate dangerous machinery is without merit.
2. Mr. Pugh has failed to allege any facts that would support an Eighth Amendment claim.

## STATEMENT OF FACTS

On January 30, 2006 Mr. Pugh was assigned to work in the meat processing section of the Institutional Services Division of the ADOC.[1] (Ex. B, C, and D.) Mr. Pugh was trained to operate the Biro Automatic Feed Mixer Grinder ("Grinder"). (Ex. B, C, and D.) Mr. Pugh, as part of his training, operated the Grinder on four different occasions. (Ex. D.)

On February 23, 2006 at approximately 9:35AM Mr. Pugh reported to Mr. Nunn that he caught his finger in the mixer machine. (Ex. C.) Mr. Pugh's finger was injured as a result of the incident.

The overwhelming majority of Mr. Pugh's Complaint alleges product liability claims and medical malpractice. Mr. Pugh's sole claim against Mr. Calloway, Mr. Nunn and Mr. Donovan is that he received no training on how to operate the Grinder.

## DISCUSSION OF PLAINTIFF'S CLAIMS

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. This case is ripe for summary judgment because the plaintiff cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the Defendants are entitled to judgment as a matter of law.

---

[1] Mr. Pugh was not working at or for Alabama Correctional Industries. (Ex. A.)

3

## Sovereign Immunity

Plaintiff's claims against the Defendants in their official capacities fail because the Defendants are entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See Edelman v. Jordan, 415 U.S. at 663, 94 S. Ct at 1347 and Hans v. Louisiana, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. Plaintiff has named each Defendant in their official capacity and therefore has sued the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. Defendants in their official capacities are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, Ala. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state). All claims against the Defendants in their official capacities are due to be dismissed.

## Eighth Amendment Claim

Plaintiff's 42 U.S.C. § 1983 claim against Mr. Calloway, Mr. Nunn and Mr. Donovan, fails as a matter of law. Plaintiff's only federal claim against Defendants is an Eighth Amendment violation, which is assumed to be an excessive force claim. Mr.

Pugh's excessive force claim cannot survive summary judgment unless Mr. Pugh can show that Defendants maliciously or sadistically forced Mr. Pugh's finger inside the meat grinder for the very purpose of causing harm. Bozeman v. Orum 422 F.3d 1265, 1271 (M.D. Ala. 2005). Defendant has failed to allege any such occurrence. Therefore, plaintiff has no valid § 1983 claim against the defendants and is due to be dismissed.

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). This case is ripe for summary judgment because there is no genuine issue of fact as to the Plaintiff's claims and the Defendants are entitled to judgment as a matter of law.

### CONCLUSION

Based on the foregoing, Defendants Butch Calloway, Freddie Nunn and Danny Donovan, respectfully request that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment on the claims discussed above in favor of the Defendants.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047

s/ *J. Matt Bledsoe*
J. Matt Bledsoe (BLE 006)
ASSISTANT ATTORNEY GENERAL

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7443

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 16th day of June, 2006, served a copy of the foregoing on the plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Cedric Pugh, #182373
Elmore Correctional Facility
PO Box 8
Elmore, AL  36025

/s/ *J. Matt Bledsoe*
OF COUNSEL