

DEFENDANT'S EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CEDRIC PUGH, (AIS# 182373), | * | |
| Plaintiff, | * | |
| V. | * | 2:06-CV-363-MEF |
| ALABAMA CORRECTIONAL INDUSTRIES COMMISSIONER BUTCH CALLOWAY, et al. | * | |
| | * | |
| Defendants. | * | |

## AFFIDAVIT OF JOHN M. PEASANT, M.D.

**STATE OF ALABAMA**

**COUNTY OF ELMORE**

Before me, _____, a notary public in and for said County and State, personally appeared JOHN M. PEASANT, M.D., and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is John Peasant. I am a medical doctor and am over twenty-one years of age. I am personally familiar with all of the facts set forth in this affidavit. I have been licensed as a physician in Alabama since 1974. I have served as the Medical Director for Staton Correctional Facility in Elmore County, Alabama, since June of 2005. At all pertinent times, my employment at Staton Correctional Facility has been with Prison Health Services, Inc. ("PHS"), the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

Cedric Pugh (AIS #182373) is an inmate who has been incarcerated at Staton Correctional Facility as all times pertinent to this lawsuit. I am familiar with Mr. Pugh and have been involved with the medical services provided to him at Staton. In addition, I have reviewed Mr. Pugh's Complaint in this action as well as his medical records (certified copies of which are being produced to the Court along with this Affidavit).

It is my understanding that Mr. Pugh has made an allegation in this matter that I have failed to afford him appropriate treatment for a finger injury. The Plaintiff's allegations are untrue; as I have provided Mr. Pugh with appropriate care for this injury at all times.

On February 23, 2006, Mr. Pugh presented to the healthcare unit at Staton having suffered an injury to the 1/3 outer aspect of the middle finger of his right hand. Mr. Pugh stated that he had inadvertently caught his finger in a meat mixer. The wound was cleansed and bandaged. He was afforded a tetanus shot as well as Motrin and Percogesic for pain. He was subsequently transported to Baptist South Hospital for evaluation and treatment. At Baptist South, Mr. Pugh's wound was again cleaned and a sterile dressing was applied. He was prescribed Lortab for pain and a follow up appointment was recommended.

Subsequent to being treated at Baptist South, Mr. Pugh returned to Staton and was admitted to the medical observation unit for observation. During observation he was afforded Keflex, an antibiotic, as well as Lortab and Motrin. The next day, February 24, 2006, I evaluated Mr. Pugh and ordered x-ray evaluation of his injured finger. Mr. Pugh's x-ray showed mild deformity of the distal phalanx of the right middle finger. Acute fracture could not, however, be completely excluded.

On February 27, 2006, Mr. Pugh was transferred for orthopedic evaluation to Dr. Tai Q. Chung pursuant to the recommendation of Mr. Pugh's treating physician at Baptist South. Dr. Chung provided Mr. Pugh with physical evaluation and determined that repair with debridement was necessary to secure the wound. Dr. Chung performed surgical debridement and repair on March 2, 2006. Mr. Pugh was again admitted to Staton's medical observation unit for treatment and observation.

Mr. Pugh was started on IV antibiotics on March 7, 2006 to treat infection. He forcibly removed his IV that same day. IV antibiotics were restarted on March 9th without complaint. On March 13th Mr. Pugh was again referred to Dr. Chung for follow-up evaluation of his debridement. Dr. Chung removed his sutures and noted a clean wound. Supplemental x-rays of Mr. Pugh's finger were ordered on March 14th which showed a fracture of the distal tuft without significant displacement of fracture fragments. One day later, on March 15th, Mr. Pugh's IV antibiotics were discontinued due to complaints of itching and swelling. Mr. Pugh was transferred to Dr. Chung a third time for evaluation on June 1, 2006 where it was noted that Mr. Pugh's wound was healing well.

In order to combat possible infection of Mr. Pugh's finger injury, he has been prescribed numerous oral antibiotics including Keflex, Rifampin and Bactrim. These medications have been adjusted as warranted by his changing condition.

In order to make Mr. Pugh's incarceration more comfortable, I have ordered numerous specialty profiles on his behalf including a "finger soak" profile, a "work stop" profile, a "no use of right hand," profile and an "elevated right hand" profile.

Based on my review of Mr. Pugh's medical records, and on my personal knowledge of the treatment provided to him, it is my medical opinion that all of his medical conditions and complaints have been evaluated in a timely fashion at Staton Correctional Facility, and that his diagnosed conditions have been treated in a timely and appropriate fashion. At all times, he has received appropriate medical treatment for his health conditions at Staton. At no time has he been denied any needed medical treatment. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. At no time have I, or any of the medical or nursing staff at Staton Correctional Facility, denied Mr. Pugh any needed medical treatment, nor have we ever acted with deliberate indifference to any serious medical need of Mr. Pugh. At all times, Mr. Pugh's known medical complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayith not.

_____
JOHN M. PEASANT, M.D.

STATE OF ALABAMA        )

COUNTY OF ELMORE        )

Sworn to and subscribed before me on this the __27__ day of _June_, 2006.

_____
NOTARY PUBLIC
My Commission Expires: 12/06/08