IN THE U.S. DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
[NORTHERN DIVISION]

Cedric Pugh # 182373,                )
Pro/Se Plaintiff                     )
                                     )
                                     )
     -Vs-                            )    Case No. **2:06-CV-363-MEF**
                                     )
                                     )
Alabama Corr.Industries,             )
Comm.Butch Calloway,                 )
Prison Health Services,Inc,          )
et.al.                               )
          Defendants                 )

## PLAINTIFFS RESPONSE IN OPPOSITION

Comes Now,Cedric Pugh,Pro/Se,And from herein known as the Plaintiff, And as Ordered by this Court on August 17th,2006,Submits his Response in Opposition to the Special Reports of the Above named Defendants,And in support thereof,This Plaintiff shows the following;

1.) This Plaintiff will respond to the Defendants Special Reports as they were recieved by this Plaintiff,And filed in this Court.

### Defendants,Butch Calloway,Freddie Nunn and Danny Donovan

This Plaintiff Avers,That the Above named Defendants are responsible for placing this Plaintiff in a Position of employment that was dangerous,Unsafe and without the proper training or supervision.
The Above named defendants are responsible for this plaintiffs finger being amputated.The defendants adamantly deny the fact that this Plaintiff was **not properly** trained or supervised in

[-1-]

the proper use of the "Grinder" in which he lost his finger. Plaintiffs Exhibit 'A',Clearly refutes this,And the Defendants have failed to produce any evidence which would support there contention that the Plaintiff was trained in the use of the "Grinder",The Plaintiff contends that the Job Squad Signout Roster submitted by the Defendants,Was fabricated after the fact,And the Court should not rely on such unreliable evidence as that submitted by the Defendants.
The defendants further aver that they warned this Plaintiff not to put his hands in the Mixer/Grinder,The machinery at the meat processing plant has no safety features to stop any hands or anything else for that matter,If one gets to close,When operating said grinder,An Inmate is expected to pour sacks of different materials into said mixer/grinder,And while pouring said Materials an inmate has no control over the machinery,And if one of the sacks of material get caught in the grinder,Due to their not being any safety equipment,Or Guards,The inmates hands get sucked into the Grinder as well as the sack of material.Plaintiffs Exhibit "A",Explains the ""Safety"" guards that are in use on the machine.
As for supervising the inmates in their control at the Meat processing plant,The defendants explain to the inmates what they want done,And then you may not see them again until it is quitting time.The totality of the working conditions in the Meat Processing Plant are unsafe,Their is absolutely no safety guards in place on any of the Machines [See;Plaintiffs Exhib."A"], It is well established that "[W]hen prison officials intentionally place prisoners in dangerous surroundings,or when they ignore prisoners serious medical needs,or when they are 'deliberately indifferent' either to prisoners Health or safety,they violate the [eighth amendment to] the constitution."**Cortes-Quinones v.Jimenez-Nettleship,**842 F.2d.556,558(1st Cir.)cert.Denied,488 U.S.823,109 S.Ct.68,102 L.Ed.2d.45(1988).The Federal courts have held;"[t]here are circumstances in which prison work require- ments constitute cruel and unusual punishment."**Johnson v.Clinton,** 763 F.2d.326,328(8th Cir.1985)," '[f]or prison officials knowingly to compel convicts to perform physical labor....which constitutes

a danger to their health,or which is unduly painful constitutes an infliction of cruel and unusual punishment prohibited by the Eighth Amendment......"**Johnson v.Clinton**,763 F.2d.at 328 (Quoting **Ray v.Mabry**,556 F.2d.881,882(8th Cir.1977)(per Curiam) Certain "acts or ommissions [are] so dangerous (in respect to health or **safety**)" that knowledge of the risk can be inferred." **Cortes-Quiones v.Jimenez-Nettleship**,842 F.2d.at558.**Fruit v.Norris**, 905 F.2d.1147(8th Cir.1990)

The defendants knew,Or should have known that operation of a "Grinder",Is dangerous,And inmates should be properly trained. The defendants knew,Or should have known that operation of the "Grinder" without any type of safety guards is also dangerous,Their is no excuse for the 'Deliberate Indifference' of the defendants callous disregard for the safety of this plaintiff.

### Conclusion

Wherefore,Premises considered,This Plaintiff prays that this court will deny the Defendants Motion for Summary Judgment,And schedule a Calender Court date to hold a Pre-trial conference. This and any/all further relief that this court deems just and proper is also prayed for,On this the 24 day of AUG ,2006.

Respectfully Submitted, *Cedric Pugh*
Cedric Pugh,Pro/Se

### Certificate of service

This is to certify,That I have served a true and correct copy of the foregoing pleading on all interested parties to this proceeding,On this the 24 day of AUG 2006.

*Cedric Pugh*
Cedric Pugh#182373
E.C.F. / P.O. Box 8
Elmore,Al.36025