IN THE U.S. DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
[NORTHERN DIVISION]

|  |  |
|---|---|
| Cedric Pugh # 182373,<br>Pro/Se Plaintiff<br><br>-Vs-<br><br><br>Alabama Correctional Industries,<br>Comm. Butch Calloway,<br>Prison Health Services, Inc.,<br>et.al.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)  Case No. **2:06-CV-363-MEF**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS  RESPONSE  IN  OPPOSITION

Comes Now, Cedric Pugh, Pro/Se, And from herein known as the Plaintiff, And as ordered by this Court on August 17th, 2006, Submits his response in Opposition to the Special Reports of the Above named Defendants, And in Support thereof, This Plaintiff shows the following;

4.) This Plaintiff will respond to the Defendants Special Reports as they were recieved by this Plaintiff, And filed in this Court.

### Defendant, Julio E. Rios, M.D.

This Plaintiff, Avers that the Above named Defendant, Julio E. Rios, M.D., Did in fact initially treat this Plaintiff for his Finger Injury at the Baptist Medical South Hospital while said defendant was acting in the capacity of the Emergency Room Doctor. Defendant Julio E. Rios, M.D. adamantly denies this, However, The documented Medical records, The admission of Defendant Doctor Peasant, And Defendant Doctor Chung, All verify that Defendant Julio E. Rios, M.D., Was in fact the Doctor that first evaluated

this plaintiff,And first treated this plaintiff,Defendants Peasant, And Chung,Both verify that Defendant Rios,Was infact the first to tret this plaintiff,And In fact Doctor Chung admits in his special report,That Defendant Rios refferred this Plaintiff to an Orthopaedic Surgeon.
Defendant Rios,Was the E.R. physician that treated this Plaintiff, Defendant Rios,Was Infact the defendant that alleged to have "Debrided" this plaintiffs fingertip,At the initial treatment of the Plaintiff,Defendant Rios,Did not remove all of the Bone Chips from this plaintiffs fingertip,That is How Defendant Chung explains his treatment of this Plaintiff,[i.e.],"**Debridement and removal of bone chips**",This was what Defendant Rios supposedly performed on this plaintiff,However,If it was done in the Emergency room,Why did it need to be done again in Defendants Chungs Office.
It appears,That the Al.D.O.C. was billed for this treatment Twice,But the Defendant Rios never performed said treatment to this plaintiff,Perhaps that is why he is denying any involvement in this case.
In both Defendant Chung,And Defendant Rios,Special report,Both of them claim that "Debridement" was performed,This is the foundation of the Plaintiffs claim against Defendant Rios,Defendant Rios,After viewing the Plaintiffs fingertip,Explained to this Plaintiff that their was nothing he could do,Proceeded to wash the Injured finger,And bandage it,And sent the Plaintiff on his way.
For the Defendant Rios,To claim that he performed the required Debridement to this plaintiffs fingertip,And in fact do nothing at all clearly displays 'Deliberate Indifference" to this Plaintiffs serious medical needs ,For defendant Rios to claim that this surgery or treatment was performed,And then release this plaintiff all the while knowing that he in fact did no such treatment,Is a classic display of deliberate Indifference,As the Defendant Rios obviously knew how painful the injury was,And then to allow the plaintiff to suffer for (5) five to (7) seven days,Until Defendant Chung actually debrided the finger,And removed the Bone Chips is not only unconstitutional,But should be against the Law.Defendant Rios,Acted like the injury was no big deal,Simply washed it,And bandaged it,This injury,As disclosed by the Special reports of the several defendants was in fact a very serious injury,And required prompt,Medical attention.Due to the fact

that this treatment was not timely and properly provided,This Plaintiffs fingertip is useless.

Defendant Rios,Did not say anything about the fingertip bone being fractured,Or needing debridement to this Plaintiff while at the Emergency Room,As earlier stated,This Procedure was never performed in the Emergency Room,The (5) Five hours the Plaintiff spent at The Hospital,(4)&(½) Four and a Half of those hours were spent waiting in the waiting room.

Defendant Rios has presented (24) Twenty-Four defenses in his answer,However,Defendant Rios,Acted under color of state law because he assumed the states constitutional obligation to provide medical care to the Plaintiff,This Plaintiff had to await approximately (5) five to (7) seven days to have the proper treatment, **[Which was not completed]**,performed,And in this circuit,The courts have held,"...that delays of days or even hours in delivering necessary treatment may constitute deliberate indifference, in some circumstances.See,e.g.,**Harris,**,21 F.3d. at 394.,**Brown v.Hughes,**894 F.2d.1533,1538(11th.Cir.1990).

Of Course,in these prior cases,the medical condition is so grave, and requires such immediate attention,"[t]hat a few hours delay in recieving medical attention for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference." **Harris,21 F.3d. at 394.,**See.e.g.,**Brown,894 F.2d. at 1538.**"Approximate six-hour delay in medical treatment for a 'serious broken foot is sufficient to state a constitutional claim."

However,"[d]elayed treatment for injuries that are of a lesser degree.....may also give rise to constitutional claims."Harris,21 **F.3d. at 394.**Also see;**Farrow v.West,**320 F.3d.1235(11th Cir.2003). Due to Defendant Rios,Blatant disregard for the Seriousness of this Plaintiffs injury,His injury has turned into a life long problem,Had Defendant Rios,Properly and Truthfully diagnosed this Plaintiff as needing Debridement and a Skin Graft,This Plaintiffs fingertip would have had a better result,Rather than the Pulp of nerve endings that he must deal with now on a daily Basis.

## CONCLUSION

Wherefore,Premises considered,This Plaintiff prays that this court

will deny the Defendant Rios Plea for summary judgement, And schedule a calender court date in order that a pre-trial conference may be held. This and any/all further relief that the court deems just and proper is also prayed for on this the 24 day of AUG 2006.

Respectfully Submitted, *Cedric Pugh*
Cedric Pugh/Pro/Se

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, THAT I HAVE SERVED A TRUE AND CORRECT COPY OF the Foregoing Pleading on all Interested Parties to this proceeding on this the 24 day of AUG 2006.

*Cedric Pugh*
Cedric Pugh # 182373

[-4-]

## CERTIFICATE OF SERVICE ON ALL INTERESTED PARTIES

This is to certify, That I have served a true and correct copy of the foregoing pleadings on the Interested parties to this action listed below:

      1.) Rushton, Stakely, Johnston & Garrett, P.A.
          Post Office Box 270
          Montgomery, Al. 36101-0270

      2.) Ball, Ball, Matthews & Novak, P.A.
          Post Office Box 2148
          Montgomery, Al. 36102-2148

      3.) Office of the Attorney General
          11 South Union Street
          Montgomery, Al. 36103

By Placing said copies in the U.S. Mail, Postage pre-paid, And properly addressed on this the _24_ day of _AUG_ 2006.

                        _Cedric Pugh_
                        Cedric Pugh # 182373
                        Elmore Corr. Facility
                        Post Office Box 8
                        Elmore, Al. 36025

c.c.-personal file